# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT CHARLES LEWIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 21-536-CFC |
| | : |
| VALERY LAVERN GREEN, | : |
| | : |
| Defendant. | : |

---

Robert Charles Lewis, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro Se Plaintiff.

### MEMORANDUM OPINION

December 17, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I.    INTRODUCTION

Plaintiff Robert Charles Lewis filed this action on April 14, 2021.[1]  (D.I. 2)  He

claims jurisdiction by reason of a federal question.  (D.I. 2 at 3)  Plaintiff appears *pro se*

and has been granted leave to proceed *in forma pauperis*.  (D.I. 4)  The Court proceeds

to review and screen the matter pursuant to 28 U.S.C. § § 1915(e)(2)(b).

## II.    BACKGROUND

The following facts are taken from the Complaint and assumed to be true for

screening purposes.  *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir.

2008).  Plaintiff alleges that he was a tenant of Defendant Valery LaVern Green and that

she stole his personal property and committed identity theft when she ordered

merchandise as Plaintiff's spouse.  (D.I. 2 at 3)  Plaintiff alleges that Defendant also

committed bank fraud, federal bankruptcy fraud, and terroristic threatening.  (*Id.* at 6)

Plaintiff alleges the "crimes are all federal felonies."  (*Id.* at 4)  He seeks compensatory

and punitive damages.  (*Id.* at 7)

## III.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must

accept all factual allegations in a complaint as true and take them in the light most

---

[1] Plaintiff is currently held at the Howard R. Young Correctional Institution in Wilmington, Delaware.  He was not incarcerated when he commenced this action.  (*See* D.I. 2)

favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court

2

concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

3

## IV.    DISCUSSION

The Complaint will be dismissed for lack of jurisdiction.  I have thoroughly reviewed the Complaint and it does not raise a federal civil claim for violations of the United States Constitution or federal statutes.  *See* 28 U.S.C. § 1331.  Nor are the parties citizens of different states as is required for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

Moreover, even if this Court had jurisdiction, to the extent Plaintiff seeks to impose criminal liability upon Defendant for alleged federal criminal crimes, he lacks standing to proceed.  *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").  The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

The Complaint will be dismissed.  Amendment is futile.

## V.    CONCLUSION

For the above reasons, the Court will dismiss the action for want of jurisdiction and as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate order will be entered.